Louis C. Ostroff *vs.* Stephen Girard, Inc. of R. I.

DECEMBER 31, 1951.

Present: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

BAKER, J. This action of the case in assumpsit was tried before a justice of the superior court sitting without a jury. He found in favor of the plaintiff in the sum of $5,405.76 and the defendant has duly prosecuted its bill of exceptions to this court.

The declaration contains a count upon a written contract and also the common counts. It appears from the evidence that the plaintiff, an engineer and contractor, on January 5, 1948 in New York City entered into a written contract with the defendant, a Rhode Island corporation engaged in selling men's wearing apparel, to remodel its store in the city of Providence for the sum of $40,000. Plans and specifications were prepared for the work which duly proceeded to completion. The defendant paid to the plaintiff $38,000, and the latter brought this action to recover the balance of $2,000 allegedly due under the contract and also the sum of $3,869.31 for extra work performed by him, together with interest on such amounts. · The defendant agrees that $2,000 is still due the plaintiff according to the contract but disputes the claim as to the extras.

The defendant is relying on three exceptions. The first is to the admission in evidence, over its objection, of a certain exhibit offered by plaintiff, and the second is to the allowance of a question asked him in direct examination relating to such exhibit. The exhibit is marked "Summary Of Extras" and contains a tabulation of the items making up his total claim for extras. It appears that the exhibit was prepared in plaintiff's office about the latter part of August 1948 following the completion of the work earlier in the year and, according to his testimony, the breakdown of the figures contained in such exhibit was sent by mail or was delivered to the owner of the defendant corporation in September of that year.

The exhibit, though made up from the plaintiff's books

and records, was not a part of them and strictly was not to be considered a true entry made in the ordinary course of his business. Apparently such exhibit was used to a large extent only as a paper from which plaintiff when testifying was possibly refreshing his recollection, but actually it was introduced as an exhibit and thus was treated as evidence. In the circumstances the paper was not properly admissible as a book entry or exhibit and the question concerning it, when objected to, should not have been allowed. However, in view of the fact that the case was tried to the court without a jury and considering also that plaintiff, independently of the exhibit, in direct, cross, redirect and recross-examination, testified at length of his own knowledge, without further objection, as to the items in question, we are of the opinion that in the circumstances any error in the rulings of the trial justice as to this exhibit was harmless and did not prejudice the defendant. Its first and second exceptions are therefore overruled.

The third and principal exception is to the decision of the trial justice in allowing plaintiff certain sums for alleged extra work. On that point defendant contends that a clause in the contract prevents plaintiff from recovering for such extra work. That clause reads as follows: "No work shall be considered an extra unless a written order has been obtained for same from the 'Company' and an express agreement in writing made as to the cost." It is admitted that plaintiff never received any written orders from defendant for such work. However, the trial justice held that the parties had a right to waive the above provision of the contract requiring written authority to entitle plaintiff to charge for extras, and he also held that the evidence showed that the parties had waived such provision. There is ample authority to support the holding of the trial justice that the parties may waive their rights in such circumstances. 12 Am. Jur. Contracts, §428, pp. 1007, 1008. Further, an examination of the evidence, particularly in relation to their acts and conduct in the matter

and the reasonable inferences which could be drawn therefrom by the trial justice, does not warrant our finding that his decision on that point was clearly wrong.

But in addition defendant argues that under the contract there was in the present case no extra work performed by plaintiff and that everything done by him was called for by the contract and the specifications thereunder. The plaintiff strongly contests that claim. The evidence dealing with the question whether the work was outside the contract was conflicting. The plaintiff's own testimony was supported in part by that of an electrical contractor, whereas the only witness for the defendant was a man who described himself as being at all times the head of the corporation. A number of exhibits were also introduced in evidence.

The plaintiff's claim for extras contained more than fifteen items covering different types of work and also allowances for overhead expense and profit. It will not be necessary to refer to all these in detail. They included, among other things, painting, electrical work, linoleum for windows, extra mirrors, changing an air-conditioning unit from the first floor to the basement of the store requiring cutting a hole in the floor and installing a sump pump, demolition and removal of partitions supporting a rear balcony, patching and repairing walls, reframing and rehanging a rear door, and overtime. No claim is made by defendant that the above work was not done in a proper and workmanlike manner or that the charges made for it were unreasonable if they were extras.

It follows that the disposition of the case depends largely upon the weight which the trial justice placed upon the evidence as contained in the exhibits and as given by the witnesses whose credibility it was his duty to pass upon. In that respect he had the opportunity which we do not have of seeing and hearing them testify. In making his decision that the plaintiff had sustained the burden of showing by a fair preponderance of the credible evidence

that certain parts of the work were extras for which the defendant should pay, the trial justice carefully considered the different items in detail allowing some and rejecting others.

In questioning the decision defendant has argued that it was made on weak and "incompetent" evidence. We do not agree with defendant on this point. The fact that plaintiff's case rested chiefly on his own testimony and on exhibits introduced by him and that he did not produce as witnesses his superintendent, bookkeeper, and accountant does not in itself justify a claim that his case was weak. Also in our opinion plaintiff's evidence, except as to the "Summary Of Extras" hereinbefore considered, was not incompetent. It should be noted that independently of such summary he testified in detail as to the different items in question, and the fact that a list of the alleged extras had been prepared by his accountant and admitted in evidence did not cause plaintiff's other testimony, based on his own knowledge, to be incompetent or inherently weak. Further as to defendant's exhibit A, which was a bill from plaintiff dated June 14, 1948 containing an itemized claim for extras in the sum of $601.37 and indicating that such amount was final, the trial justice by his decision evidently accepted plaintiff's explanation that the word final as applied to the extras was erroneous, since the complete figures in that respect were not entirely compiled until August 1948. In all these matters the weight of the evidence was primarily for the trial justice to pass upon.

It is well settled that the findings of fact by a trial justice on conflicting evidence will not be disturbed by this court unless they are clearly wrong. *Psaty & Fuhrman, Inc.* v. *Housing Authority of Providence,* 76 R. I. 87. We have examined the decision of the trial justice, and applying the above rule to his findings it is our opinion that the instant decision should stand. The defendant's third exception is overruled.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for entry of judgment for the plaintiff on the decision.

*Adler & Zucker, Walter Adler, Martin M. Zucker,* for plaintiff.

*Edward V. Healey, Jr., Fred Colagiovanni,* for defendant.